UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-20471

G&S PRINTS PTE. LTD.,

       Plaintiff,

v.

ZOETOP BUSINESS CO., LIMITED, a Hong Kong limited company and SHEIN DISTRIBUTION CORP., a Delaware corporation,

       Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff G&S PRINTS PTE. LTD., by and through its undersigned counsel, brings this Complaint against Defendants ZOETOP BUSINESS CO., LIMITED and SHEIN DISTRIBUTION CORP. for damages and injunctive relief, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

2. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

3. Defendants are subject to personal jurisdiction in Florida.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff G&S PRINTS PTE. LTD. ("G&S PRINTS") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute G&S PRINTS' original copyrighted Work of authorship.

6. G&S PRINTS is an exempt private company limited by shares, incorporated in 2018 in Singapore. G&S PRINTS works with artists, freelance and in-house, around the world to produce high quality printed artwork across all mediums including apparel, accessories and household items.

7. G&S PRINTS commissioned artist Jen Elliott aka Jocarra ("Jocarra") located in Canada to create an original work of authorship.

8. G&S PRINTS is the owner of all rights to the copyrighted Work by assignment from Jen Elliot aka Jocarra.

9. G&S PRINTS retains all copyrights to their artwork and licenses for copyrighted Works for commercial use.

10. Defendant ZOETOP BUSINESS CO., LIMITED is a Chinese limited Company with its principal place of business in Hong Kong S.A.R. that is doing business with the state of Florida.

11. Defendant SHEIN DISTRIBUTION CORP. is a Delaware corporation that is doing business with the State of Florida.

12. Defendants both do business in the U.S. as "Shein." Shein is known as the largest and fastest growing "fast fashion giant" retailer in the world.

13. Shein was founded in 2008 and became successful for offering and distributing products at extremely low prices, and for rapidly producing products meeting the latest trends.

14. Shein has quadrupled its revenue over the past three years reaching $15.7 billion dollars in sales and is seeking a $100 billion dollars in valuation of its company. Shein profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Shein reportedly adds over 1,000 new styles to its website every single day.

15. Shein's success is largely attributed to its tech-driven approach, using artificial intelligence software that plugs trending styles from social media and across the internet directly into its computers on the factory floor.

16. At all times relevant herein, Defendants together owned and operated the internet website in the U.S. located at the URL www.shein.com (the "Website").

17. Defendants committed the violations alleged in connection with Shein's business for purposes of advertising and promoting sales to the public in the course and scope of the Shein's business.

## THE COPYRIGHTED WORK AT ISSUE

18. In 2015, Jocarra created the work known as "Wolf Mates X." This work is shown below and referred to herein as the "Work."



19. In September 2022, Jocarra assigned the rights of the Work to G&S PRINTS.

20. The Work is a foreign work exempt from registration requirements under 17 U.S.C. § 411(a) because the Work was created by Jocarra in Canada, a party to the Berne Convention, and G&S PRINTS is a company from Singapore, also a party to the Berne Convention. Therefore, G&S PRINTS is permitted to bring this case under § 411(a) and has the ability to exercise copyright rights, including the means of redress afforded to authors to protect their rights, in countries to which Berne Convention applies, including the United States.

21. G&S PRINTS' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

22. At all relevant times, G&S PRINTS was the owner of the Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

23. Defendants have never been licensed to use the Work at issue in this action for any purpose.

24. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

25. On or about September 1, 2022, G&S PRINTS discovered the unauthorized use of his Work on the Website.

26. Defendants copied the Work without G&S PRINTS' permission.

27. After Defendants copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its fast fashion business.

28. Defendants copied and G&S PRINTS' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

29. G&S PRINTS' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

30. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 1.**

31. G&S PRINTS never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

32. G&S PRINTS notified Defendants of the allegations set forth herein on October 3, 2022. To date, the Defendants have failed to resolve the parties' dispute

## COUNT I
## COPYRIGHT INFRINGEMENT

33. G&S PRINTS incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth therein.

34. G&S PRINTS owns a valid copyright in the Work at issue in this case.

35. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

36. Defendants performed the acts alleged in the course and scope of its business activities.

37. Defendants' acts were willful.

38. G&S PRINTS has been damaged.

39. The harm caused to G&S PRINTS has been irreparable.

WHEREFORE, the Plaintiff G&S PRINTS prays for judgment against the Defendants that:

 a. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

 b. Defendants be required to pay Plaintiff his actual damages and SHEIN's profits attributable to the infringement;

 c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

 d. Plaintiff be awarded pre- and post-judgment interest; and

 e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 6, 2023    Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No: 98220
joel.rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar No.: 1024723
Layla.nguyen@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff G&S PRINTS PTE. LTD.*