UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-CV-20471-BB

G&S PRINTS PTE. LTD.,

    Plaintiff,

v.

ZOETOP BUSINESS CO., LIMITED, a Hong Kong
limited company and SHEIN DISTRIBUTION CORP.,
a Delaware corporation,

    Defendants.
_____/

**DEFENDANT ZOETOP BUSINESS CO., LIMITED'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(5) FOR INSUFFICIENT SERVICE OF PROCESS AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), Defendant ZOETOP BUSINESS CO., LIMITED ("Zoetop") moves for an Order dismissing Plaintiff G&S PRINTS PTE. LTD.'s ("G&S") Complaint.

## I. Introduction

In this case, counsel for Defendant Zoetop Business Co., Ltd. ("Zoetop") offered to waive service of the Complaint [D.E. 1] (hereinafter the "Complaint") and summons under Federal Rule of Civil Procedure, Rule 4(d). *See* Declaration of Thomas P. Burke Jr. ("Burke Decl."), ¶ 3, Ex. 1. Counsel for Plaintiff accepted that offer, and informed counsel for Zoetop that they would send the waiver forms the next day. *Id.* That did not happen. Instead, weeks later, Plaintiff attempted to serve Zoetop—a Hong Kong entity—at the old address of its co-defendant, Shein Distribution Corporation, in Los Angeles, California. *Compare* D.E. 12 *with* Burke Decl., Ex. 4.

Upon informing Plaintiff's counsel that this service was not effective, Plaintiff's counsel responded that they had previously served Zoetop at that address "without any issue." Burke Decl., Ex. 1. Counsel for Zoetop has been unable to find any proof of this, and counsel for Plaintiff has not provided any either. Nevertheless, Zoetop does not intend to waive its insufficient-service-of-process defense in this case. Accordingly, Zoetop moves the Court for an order dismissing the Complaint against Zoetop under Rule 12(b)(5) or, in the alternative, for an order quashing service and ordering Plaintiff to make service in accordance with Fed. R. Civ. P. 4.

## II. A Federal Court Cannot Exercise Jurisdiction Over a Defendant Until That Defendant Has Been Properly Served.

### A. A defendant may move to dismiss under Rule 12(b)(5) for insufficient service of process.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also De Gazelle Grp. v. Tamaz Trading Establishment*, 817 F.3d

747, 749 (11th Cir. 2016) ("[A]n individual or entity is not obligated to engage in litigation unless officially notified of the action … under a court's authority, by formal process." (quoting *Prewitt Enters. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003))). A defendant may seek dismissal for insufficient service of process. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014). When a defendant files a motion to dismiss under Rule 12(b)(5), the "plaintiff has the burden to demonstrate sufficient service of process by making a *prima facie* case of proper service." *Hollander v. Wolf*, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

      **B.**      **Rule 4 of the Federal Rules of Civil Procedure governs the adequacy of service.**

Rule 4(h) of the Federal Rules of Civil Procedure sets forth the acceptable methods for serving a foreign corporation, such as Zoetop:

(1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

    **III.**    **Plaintiff's Attempt to Serve Zoetop by Substitute Service at the Wrong Address on an Unidentified Individual Warrants Dismissal of Plaintiff's Complaint Against Zoetop or, in the Alternative, Quashing of Service.**

      **A.**      **Plaintiff attempted to effect service under California Code of Civil Procedure section 415.20.**

The Declaration of Service filed by Plaintiff in this case (D.E. 12) shows that Plaintiff did not serve Zoetop under Rule 4(h)(1)(B) or 4(h)(2). The Declaration states that service took place at "757 S Alameda St, [Suite] 220[,] Los Angeles, CA 90021" on March 1, 2023. *Id.* Therefore, service was not made pursuant to Rule 4(h)(2). And the Declaration states that the person served was Rupert Cadena ("Cadena"). *Id.* Cadena is identified as a receptionist (*id.*) but, in actuality, he is a security guard for the entire building. *See* Declaration of Dana Chu ("Chu Decl."), ¶ 6. Regardless, he is not an officer, managing agent, or individual authorized to receive service of process by Rule 4(h)(1)(B). Therefore, we are left with Rule 4(h)(1)(A) to guide the Court. This rule authorizes service on a foreign entity in a judicial district of the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual." That rule, in turn, allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

It appears that Plaintiff was attempting to serve Zoetop by substituted service, as allowed by California Code of Civil Procedure section 415.20: "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office … with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."[1] *See also* D.E. 12 ("I served the summons at … In the

---

[1] Since service was purportedly made under section 415.20, the alleged service was not complete until March 12, 2023. *See* D.E. 12 (stating that a copy of the complaint and summons was mailed on March 2, 2023); Cal. Civ. Proc. Code § 415.20(a) ("Service of a summons in this manner is deemed complete on the 10th day after the mailing."). Thus, Zoetop's purported deadline to respond to the Complaint is actually Monday, **April 3, 2023**. *See* Cal. Civ. Proc. Code § 415.20(a); Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer … within 21 days after being served with the summons and complaint[.]"); Fed R. Civ. P. 6(a)(1)(C) (when deadline falls on a Sunday, the deadline rolls over to the next business day); *see also Ennova Rsch. SRL v. BeeBell Inc.*, No. 16-CV-05114-KAW, 2017 WL 1739154, at *6 (N.D. Cal. May 4, 2017) (finding entry of default premature and calculating deadline to respond to service via § 415.20 by adding 10 days to 21 days). Thus, Zoetop submits that the deadline stated in D.E. 12 is inaccurate, and this motion

4

above mentioned action by substituted service …."). However, in presumably attempting to serve Zoetop by substituted service, Plaintiff still failed to serve Zoetop at the correct address.

    **B.    757 S. Alameda St. is not Zoetop's address.**

As Plaintiff is well aware, Zoetop is a Hong Kong entity. *See* D.E. 1, ¶ 10 ("Defendant ZOETOP BUSINESS CO., LIMITED is a Chinese limited Company with its principal place of business in Hong Kong S.A.R. that is doing business with the state of Florida."); *see also* Burke Decl., Exs. 2 and 3 (Zoetop's corporate disclosure statement and answer filed in a copyright infringement case brought by the same firm). Accordingly, 757 S. Alameda St., Suite 220, Los Angeles, California is <u>not</u> Zoetop's office address. Rather, 757 S. Alameda St. is where Shein Distribution Corporation—Zoetop's co-defendant and a distinct legal entity—is located. Chu Decl., ¶ 3. Worse still, Shein Distribution Corporation is no longer located in Suite 220. That is its old address, and now it is located in Suite 340. *Id.*, ¶ 4; *see also*, Burke Decl., Exs. 4 and 5 (Zoetop's filings with the California Secretary of State). Therefore, for this reason, Plaintiff's substituted service on Zoetop was legally insufficient and otherwise invalid.

    **C.    Plaintiff failed to identify the *individual* that it was serving on the proof of service.**

In addition to the fact that Plaintiff served Zoetop at the wrong address, Plaintiff's service of process also fails for a separate, independent reason. When substituted service on an entity under section 415.20 takes place, the serving party must "identify [an] **individual** specified in section 416.10, subdivision (b) who was served on behalf of the corporation" on its proof of service. *Ramos v. Homeward Residential, Inc.*, 223 Cal. App. 4th 1434, 1442 (2014) (emphasis added). That section of the California Code of Civil Procedure specifies a corporation's "president, chief

---

is timely. Only in an abundance of caution, and to the extent that the Court disagrees as to Zoetop's interpretation and analysis of the governing case law and related response deadline, Zoetop respectfully requests an extension of time so that the Court otherwise treats this response as timely filed.

executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process" as individuals who may be served. Cal. Civ. Proc. Code § 416.10(b).

Cadena, the <u>receptionist</u> who was served with the Complaint and summons, does not hold any of the titles specified under California's Code of Civil Procedure. Moreover, Plaintiff's Declaration of Service by Mail does not identify any specific *individual*. *See* Fed. R. Civ. P. 4 (advisory committee's notes) ("Care must be taken, however, to address the request to an individual officer or authorized agent of the corporation. It is not effective use of the Notice and Request procedure if the mail is sent undirected to the mail room of the organization."). As Plaintiff failed to identify an individual on the Declaration of Service by Mail, its substituted service on Zoetop was improper. Having challenged Plaintiff's service of process on numerous grounds, Plaintiff should now have the burden of demonstrating sufficient service of process. *Hollander*, 2009 WL 3336012, at *3.

**IV.  Failure to Strictly Comply with the Rules Warrants Dismissal of Plaintiff's Complaint Against Zoetop or, in the Alternative, an Order Quashing the Alleged Service of Process.**

Strict compliance with the rules governing service is required. *See Mid-Continent Wood Prod., Inc. v. Harris*, 936 F.2d 297, 299–303 (7th Cir. 1991) (strict compliance required even where defendant had actual notice of lawsuit, actual service came "reasonably close" to satisfying Rule 4 requirements, and defendant's evasive conduct prevented service). Since Plaintiff has not strictly complied with the requirements of Fed. R. Civ. P. 4. in serving its Complaint and summons on Zoetop, Zoetop respectfully requests that the Court enter an order dismissing the Complaint against Zoetop under Rule 12(b)(5) or, in the alternative, an order quashing service and ordering Plaintiff to make service in accordance with Fed. R. Civ. P. 4.

**V.     Conclusion**

For all of the foregoing reasons, Defendant Zoetop respectfully requests that the Court dismiss the Complaint or, in the alternative, an order quashing service and ordering Plaintiff to make sufficient service, and award all other relief to Defendant Zoetop that the Court deems appropriate.

Respectfully submitted,

Dated: March 23, 2023

Oliver Alan Ruiz
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Cleo I. Suero
Florida Bar No. 1,024,675
csuero@malloylaw.com
**MALLOY & MALLOY P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

*Counsel for Defendants*